IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONNIE PATTERSON                                              PLAINTIFF

V.                          CIVIL ACTION NO. 5:23-cv-115-DCB-BWR

PIKE COUNTY, MISSISSIPPI                                      DEFENDANT

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

This matter is before the Court on Magistrate Judge Rath's Report and Recommendation ("Report") [ECF No. 30] recommending that the Court grant Defendant Pike County's Motion for Summary Judgment [ECF No. 28]. Plaintiff Ronnie Patterson's complaint alleges that Pike County has "violate[d] all [of his] constitutional rights." [ECF No. 1] at 1. On Judge Rath's recommendation, the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. [ECF No. 30] at 7. The Report was entered on April 11, 2025, and objections to it were due by April 25, 2025.

The Court notes that Plaintiff filed no response to Defendants' Motion for Summary Judgment, and no party has filed an objection to the Report. Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a <u>de novo</u> review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the

Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

Furthermore, "[a] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." E.E.O.C. v. WC&M Enters., Inc., 496 F.3d 393, 397 (5th Cir. 2007).

This lawsuit arises out of events that took place during Plaintiff's incarceration at the Pike County Jail from April 26, 2023, through March 13, 2024. [ECF No. 8] at 1; [ECF No. 14] at 1. Patterson filed this lawsuit on December 27, 2023, complaining of (1) unconstitutional conditions of confinement and (2) delay of medical care. [ECF no. 1]; [ECF No. 30] at 2. Plaintiff complains of six conditions of his confinement at the Pike County Jail: (1) caged entrances to each housing pod; (2) windows covered with metal plates; (3) black mold in the

2

showers; (4) lack of sanitation and cleaning supplies; (5) dusty vents; and (6) overcrowding, which required him to sleep on the floor. [ECF No. 30] at 12-13. Plaintiff further alleges that he was denied medical care for his athlete's foot and a "painful dental condition." [ECF No. 25] at 15, 21-22. Plaintiff clarified his allegations at an Omnibus Hearing on July 31, 2024. Plaintiff was present at the hearing, placed under oath, consented in writing to the magistrate judge's authority, and gave testimony. See Minute Entry dated 07/31/2024; Transcript [ECF No. 25]; Omnibus Order, [ECF No. 23].

After considering Defendants' Motion for Summary Judgment, the record, and the relevant legal authority, Judge Rath entered this report recommending that the Court grant summary judgment and dismiss the case with prejudice. [ECF No. 30] at 23. The Report finds that Plaintiff has presented no evidence of municipal liability or a constitutional violation, and that a judge "must consider the evidence against only the Defendant that Plaintiff has elected to sue"—in this case, Pike County. [ECF No. 30] at 23 (citing Amerson v. Pike Cnty., Miss, No. 3:09-cv-53-DPJ-FKB, 2013 WL 53900, at *5 (S.D. Miss. Jan. 3, 2013). In the detailed report, which is amply supported by citations to controlling case law, Plaintiff's complaint, and the sworn testimony at the Omnibus Hearing, Magistrate Judge Rath recommends that: (i) Defendant's Motion for Summary

3

Judgment be granted; (ii) Plaintiff's claims against Defendant be dismissed with prejudice; and (iii) this case be closed. The Court has reviewed the Report and finds it to be well-taken.

Finding no clear error in the Report and Recommendation and not finding it contrary to law, the Court agrees with and adopts Magistrate Judge Rath's recommendation.

Accordingly,

IT IS HEREBY ORDERED that Judge Rath's Report is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is hereby dismissed with prejudice.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 9th day of May, 2025.

                                              /s/ David Bramlette
                                              DAVID C. BRAMLETTE III
                                              UNITED STATES DISTRICT JUDGE